# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **Cheryl Dean Riley**<br>**Clerk of Court** | **OFFICE OF THE CLERK OF COURT**<br>**POST OFFICE BOX 471**<br>**WHEELING, WEST VIRGINIA 26003**<br>**(304) 232-0011**<br>**Facsimile (304) 233-2185** | **Michelle Widmer-Eby**<br>**Chief Deputy Clerk** |

September 29, 2021

Via CM/ECF
Doris Miller, by her Executor, Gary Miller, and
Gary Miller
c/o Colten L. Fleu
Mountain State Justice, Inc.
1029 University Ave., Ste. 101
Morgantown, WV 26505

Via CM/ECF
Nationstar Mortgage, LLC, d/b/a Champion Mortgage Company and
Wells Fargo Bank, N.A.
c/o James H. Burns
Nelson Mullins Riley & Searborough, LLP
1320 Main Street
17th Floor
Columbia, SC 29201
and
Matthew D Patterson
Nelson Mullins Riley & Scarborough LLP
1320 Main Street, 17th Floor (29201)
P. O. Box 11070
Columbia, SC 29211

      In Re:  Miller v. Nationstar Mortgage, LLC, et al.
            Civil Action No.   3:18-cv-7

Dear Mr. Miller, Nationstar Mortgage, LLC, and Wells Fargo Bank, N.A.,

      I have been contacted by Chief Judge, Gina M. Groh, who presided over the above-mentioned case. Judge Groh informed me that it has been brought to her attention that while she presided over the case, her husband owned stock in Wells Fargo. Her husband's ownership of stock neither affected nor impacted her decisions in this case, which was terminated after settlement upon entry of an Agreed Order of Dismissal with no substantive orders issued by Judge Groh.   However, her husband's stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Groh directed that I notify the parties of the conflict.

      Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Groh's disclosure of a conflict in this case. Should you wish to respond, please submit your response in writing by filing it on the docket of this case on or before **October 13, 2021**.   Any response will be considered by another judge of this court without the participation of Judge Groh.

      Sincerely,

*Cheryl Dean Riley*
Cheryl Dean Riley,
Clerk of Court

500 West Pike Street, Room 301     P.O. Box 1518     217 W. King Street, Room 102
Clarksburg, WV 26302     Elkins, WV 26241     Martinsburg, WV 25401
(304) 622-8513     (304) 636-1445     (304) 267-8225